HEATHER R. NORTON, CA State Bar No. 257014
LAW OFFICE OF HEATHER NORTON
236 West Portal Avenue Suite 143
San Francisco, CA 94127
Telephone:  415.379.4171
Heather@heathernortonlaw.com

Attorney for Plaintiff Balance Studio, Inc. d/b/a
Kink Academy.


UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA


ROBOCOPP, LLC,

                Plaintiff,

    v.

ORION PICTURES CORPORATION,

                Defendant.

Case No.    3:16-cv-5476

**COMPLAINT FOR DECLARATORY
JUDGMENT OF NON-INFRINGEMENT**


Declaratory Judgment Complaint

Plaintiff ROBOCOPP, LLC ("ROBOCOPP") for its Complaint against Defendant Orion Pictures Corporation ("Orion") alleges as follows:

## THE PARTIES

1.   Plaintiff ROBOCOPP is a California Limited Liability Company with its primary place of business at 2443 Fillmore Street, Suite 380-4121, San Francisco, CA 94115.

2.   Upon information and belief, Defendant Orion Pictures Corporation, is a Delaware corporation with its primary place of business at 245 N. Beverly Drive, Beverly Hills, CA 90210.

## JURISDICTION AND VENUE

3.   Jurisdiction is proper in this court because this litigation arises under federal law, namely 17 U.S.C. § 1051 et seq. (Lanham Act). The Court has jurisdiction over this action under 28 U.S.C. § 1331 (federal question), 28 U.S.C. § 1338(a) (trademarks), and 28 U.S.C. § 2201 (Declaratory Judgment Act).

4.   Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 in that a substantial part of the events or omissions giving rise to the claims herein occurred in this judicial district.

5.   This Court has personal jurisdiction over Defendant because Defendant conducts business in the State of California and within this district.  During all relevant times, on information and belief, Defendant has repeatedly, knowingly, and intentionally directed, and participated in, its activities in this Complaint in this judicial district.  While directing, and participating in, the activities alleged in this Complaint, Defendant made systematic and continuous contacts with this judicial district.

6.   An actual case or controversy has arisen between the parties because Orion has threatened litigation against ROBOCOPP and has asserted that ROBOCOPP is infringing Orion's trademarks.  Those statements threaten injury to ROBOCOPP.

## FACTS

7.   ROBOCOPP invented a personal security device called a "Sound Grenade."  The Kink Academy Complaint – 1

Sound Grenade is an ultra compact personal alarm that emits a loud siren when activated.  The Sound Grenade can easily be attached to a keychain, belt, backpack, or tucked into a pocket.  It weights less than 1 ounce, and can therefore be carried easily and unobtrusively.  Despite its small size, the Sound Grenade emits a siren as loud as an ambulance when activated.

8.   One version of the Sound Grenade is shown herein:



9.   The Sound Grenade is used in a wide variety of settings for personal safety.  For example, many college students carry a sound grenade in their pocket or backpack when walking on campus at night.  Travelers carry the Sound Grenade with them when in unfamiliar areas.  Hikers and adventurers also use the Sound Grenade as an animal repellent and rescue signal.

10. ROBOCOPP has received widespread accolades for the Sound Grenade.  For example, the Sound Grenade was featured on the Today Show with Kathie Lee and Hoda.  During that segment Kathie Lee Gifford declared the Sound Grenade to be, "a great, great idea."  The Sound Grenade has also been featured on CNN and CBS and in numerous publications including USA Today, Gizmodo, Money, Time, The Washington Post, and Fortune Magazine.

11. Because ROBOCOPP's products have received widespread recognition and because ROBOCOPP has built a loyal and continually expanding customer base, its trademark has

Declaratory Judgment Complaint – 2

become famous in the field of personal security devices.

12.  On June 27, 2016, Plaintiff filed a federal trademark application, serial number 87085571 for the word mark ROBOCOPP in International Category 009 for personal security alarms. That application is currently pending in the Trademark Office.

13.  On September 20, 2016, ROBOCOPP received a letter from counsel for Orion.  In that letter, Orion stated that it owns trademarks that include the term "RoboCop," in connection with the movies of the same name.  Orion alleged that ROBOCOPP is infringing Orion's trademarks, and threatened litigation unless Plaintiff agreed to cease all use of the ROBOCOPP name and withdraw its trademark application.  A copy of that letter is attached hereto as Exhibit A.

14.  ROBOCOPP has a good faith belief that it is not infringing Orion's trademarks or otherwise violating the Lanham Act.  ROBOCOPP's products are unrelated to the entertainment industry, and unrelated to any products marketed by Orion.  ROBOCOPP's products and trademarks have gained fame and recognition within the field of personal security.  Consumers associate ROBOCOPP's brand with ROBOCOPP's innovative personal security devices. ROBOCOPP's branding does not include any references to Orion or Orion's products.  Orion does not allege that consumer confusion has already occurred, and ROBOCOPP believes that consumer confusion is not likely to occur as between its products and Orion's products.

## CLAIMS FOR RELIEF

### CLAIM I – Declaratory Judgment of Non-infringement of Trademarks
### (15 U.S.C. § 1501 et. seq.)

15.  Plaintiff realleges and incorporates by reference, as if fully set forth herein, the allegations in all the preceding paragraphs.

16.  Defendant has claimed that Plaintiff's ROBOCOPP trademark infringes on Defendant's trademarks, and has threatened to bring a lawsuit against Plaintiff on that basis.

17.  An actual, present and justiciable controversy has arisen between Plaintiff and

Declaratory Judgment Complaint – 3

1  Defendant concerning Plaintiff's right to use its ROBOCOPP mark in commerce to market

2  personal security devices.

3      18.  Plaintiff seeks a declaratory judgment from this Court that its marketing and sales of

4  personal security devices does not constitute trademark infringement.

5  **PRAYER FOR RELIEF**

6      THEREFORE, Plaintiff ROBOCOPP, LLC respectfully requests that the Court:

7      A.     Enter judgment according to the declaratory relief sought;

8      B.     Award Plaintiff its costs in this action; and

9      C.     Enter such other further relief to which Plaintiff may be entitled as a matter or law

10          or equity, or which the Court determines to be just and proper.

11      D.     An award of Defendant's profits from its infringement and unfair competition

12          with Plaintiff;

13      B.     An award of Plaintiff's damages caused by Defendant's infringement and unfair

14  competition with Plaintiff;

15      C.     An injunction against Defendant and each of its agents, servants, employees, and

16  attorneys, and those persons in active

17  **JURY TRIAL DEMAND**

18      Plaintiff hereby demands a trial by jury on all issues so triable in this action.

19

20

21  DATED:  September 26, 2016           By: _____

22                                     Heather R. Norton

23                                     Law Office of Heather Norton
                                   Attorney for Plaintiff ROBOCOPP, LLC

24

25

26

27  Declaratory Judgment Complaint – 4

28

29

# EXHIBIT A

633 WEST 5TH STREET SUITE 3600 LOS ANGELES, CA 90071-2054

J E N N E R & B L O C K LLP

Andrew J. Thomas
Tel  +1 213 239-5155
Fax 213 239-5165
AJThomas@jenner.com

September 20, 2016

**VIA EMAIL AND FIRST CLASS MAIL**

RoboCopp, LLC
Attn:  Sam Mansen, Chief Executive Officer
2443 Fillmore St.
Suite 380-4121
San Francisco, CA 94115
hello@robocopp.com

Re:    **Infringement of ROBOCOP Trademarks and Other Rights**

Dear Mr. Mansen:

We are litigation counsel for Orion Pictures Corporation ("Orion").  We write regarding RoboCopp LLC's active and ongoing efforts to sell, distribute, market, and promote its "sound grenade" personal security product using the name "RoboCopp," including on the websites www.RoboCopp.com and www.RoboCoppCampus.com, as well as its attempt to register a federal trademark in the term "RoboCopp."

Orion is the owner of four registered trademarks that include the mark ROBOCOP, and it has two pending applications that also include that mark. These are the *only* current registrations or active applications that include the terms "RoboCop," "Robot Cop," or any term that sounds like ROBOCOP – except for your recent trademark application seeking to register "RoboCopp." Your pending "RoboCopp" application is in the same international class, IC 009, as one of Orion's registered ROBOCOP trademarks – specifically, registration number 1557690.

Your choice of the term "RoboCopp" as the brand name for a high-tech, electronically engineered product designed to fight crime was clearly made by design as a transparent attempt to trade on the high-profile brand recognition of Orion's ROBOCOP marks.  As you surely know, the ROBOCOP entertainment franchise has been extremely successful worldwide, and includes four motion pictures, four television series, five video games, and an extensive array of memorabilia, merchandise, and other products – all centered around a high-tech crime-fighting machine.

CHICAGO   LONDON   LOS ANGELES   NEW YORK   WASHINGTON, DC          WWW.JENNER.COM

Robocopp, LLC
September 20, 2016
Page 2

The most recent film, *RoboCop*, was released in 2014 and grossed $242.7 million at the box office, while the entire motion picture franchise, starting with the first film that was released in 1987, has grossed approximately $350 million. The franchise has received multiple awards, including one Academy Award and five Saturn Awards. In 2007, *Entertainment Weekly* named the original *RoboCop* film the 14th greatest action movie of all time. It has been included in numerous best-movie lists by publications such as *Empire* and *The New York Times*. The *RoboCop* franchise indisputably has been an integral part of American pop culture over the last 30 years. The fame of the franchise and the fame and distinctiveness of the ROBOCOP mark are undeniable.

In assessing whether consumers are likely to be confused, courts look at a number of factors, including public awareness of the infringed-upon mark, whether the marks in question have similar appearances, and whether the marks are similar-sounding. It is undeniable in the current instance that ROBOCOP and RoboCopp are not merely similar, but are for all intents and purposes identical. The words sound exactly the same when spoken, and their appearance is almost indistinguishable except for a single letter. In addition, RoboCopp LLC has submitted a number of specimens with its trademark application, some of which bear close resemblance to Orion's existing, registered ROBOCOP trademarks in appearance and presentation. Take, for example, page 4 of RoboCopp's specimen submission, submitted on June 27, 2016, and page 1 of Orion's specimen submission for Reg. No. 1523650, submitted July 11, 2008:



The similarities between the relevant portions of the specimens are undeniable, including in their use of a clean, simple, high-tech, sans-serif font.

The extreme similarity in the two marks strongly suggests that RoboCopp, LLC fully anticipated and intended that consumers would associate its product – a high-tech, electronically engineered device designed to fight crime – with Orion's well-known ROBOCOP entertainment franchise and related products, all of which relate to a high-tech, electronically engineered, crime-fighting machine. The fact that you have used a stylized "robot" image in marketing your security device is further evidence of your intention to promote an association between your

Robocopp, LLC
September 20, 2016
Page 3

product and the crime-fighting machine depicted in Orion's *RoboCop* films, television programs, video games, and related products.

Your unauthorized use of the term "RoboCopp" falsely and misleadingly suggests that the "RoboCopp" personal security device is related to or affiliated with the ROBOCOP franchise and trademarked products and therefore constitutes trademark infringement, trademark dilution, false designation of origin, and false advertising under the Lanham Act, and also constitutes a violation of various California state laws, including California Business & Professions Code § 17200, *et. seq.*, § 17500, *et seq.*, and California common law. This unauthorized and infringing use may subject RoboCopp, LLC to serious consequences, including injunctive relief, monetary damages, statutory damages, disgorgement of profits, destruction of infringing products, and punitive damages. *See, e.g.*, 15 U.S.C. §§ 1117-1118; Cal. Bus. & Prof. Code § 17203; *Transgo, Inc. v. Ajac Transmission Parts Corp.*, 768 F.2d 1001, 1024 (9th Cir. 1985) (punitive damages recoverable for common law unfair competition in California). Any continued use of the term "RoboCopp" after receipt of this letter will serve as further evidence of your deliberate and willful infringement of the ROBOCOP marks.

As an initial step, we demand that you immediately cease and desist from the use of the term "RoboCopp," "RoboCop," or any other similar term, including but not limited to use in connection with selling, distributing, marketing, or promoting your personal security device; that you rename your websites from the current "RoboCopp.com" and "RoboCoppCampus.com" to something that does not infringe upon the ROBOCOP brand; and that you withdraw your trademark application for the term "RoboCopp."

Please confirm in writing within ten (10) days of your receipt of this letter that you have done so – that is, by no later than the close of business on September 30, 2015. Additionally, please provide information relating to the sales to date of all of your products sold under the "RoboCopp" brand so that we may begin to assess the damages incurred by the infringing and diluting use.

Please be advised that, in the absence of your complete and unconditional compliance with these demands, our client reserves the rights to take all steps necessary to prevent your continued infringing conduct, including filing an action in federal court against all responsible parties. In the meantime, please be advised that this letter is not intended to be a complete statement of the pertinent facts or law, and that our client reserves all of its rights and remedies.

I look forward to hearing from you soon.

Very truly yours,

Andrew J. Thomas