# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBOCOPP, LLC,<br><br>  Plaintiff,<br><br>v.<br><br>ORION PICTURES CORPORATION,<br><br>  Defendant.<br><br>ORION PICTURES CORPORATION,<br><br>  Counterclaimant,<br><br>v.<br><br>ROBOCOPP, LLC,<br><br>  Counterdefendant. | Case No. 3:16-cv-5476<br><br>**[PROPOSED] STIPULATED PERMANENT INJUNCTION AND ORDER OF DISMISSAL**<br><br>Dept: Courtroom 9<br>Judge: Hon. Jon S. Tigar |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD, PLEASE TAKE NOTICE THAT, in accordance with the Stipulation for Entry of Permanent Injunction and Order of Dismissal entered into and filed herewith by Plaintiff/Counterdefendant ROBOCOPP, LLC and Defendant/Counterclaimant Orion Pictures Corporation, through their respective counsel of record in this action, the Court HEREBY FINDS THAT:

1. On September 26, 2016, Plaintiff filed the Complaint in this action, seeking a declaratory judgment that its commercial use of the term "ROBOCOPP" as a business name, trademark and domain name does not infringe any trademark rights of Defendant.

2. On November 28, 2016, Defendant filed an answer and counterclaims, seeking damages, injunctive relief, and other legal and equitable relief based on Plaintiff's use of the mark "ROBOCOPP." In its counterclaims, Defendant asserted (i) that Orion owns valid and incontestable trademarks (the "ROBOCOP Marks") related to the *Robocop* motion pictures, television shows, videogames, and other media and licensed merchandise, including federal trademark registration nos. 4880501, 1609202, 1557690, and 1523650; (ii) that the ROBOCOP Marks are widely known and extraordinarily famous; and (iii) that Plaintiff's usage of the trade name, mark and domain name "ROBOCOPP" infringed upon and diluted Defendant's ROBOCOP Marks and violated numerous laws, including but not limited to 15 U.S.C. § 1114, 15 U.S.C. § 1125(a)(1)(A), 15 U.S.C. § 1125(a)(1)(B), 15 U.S.C § 1125(c), Cal. Business & Professions Code § 17200, *et seq.*, Cal. Business & Professions Code § 17500, *et seq.*, Cal. Business & Professions Code § 14247, *et seq.*, and various common law rights.

3. Without any admission of liability by any Party, Plaintiff and Defendant have entered into a settlement agreement and have stipulated to the entry by the Court of this Permanent Injunction and Order of Dismissal (the "Permanent Injunction Order") in this action on the terms set forth below.

NOW, THEREFORE, THE COURT HEREBY ORDERS, ADJUDGES, AND DECREES THAT:

A. Pursuant to Rule 65 of the Federal Rules of Civil Procedure, Plaintiff ROBOCOPP, LLC, its respective parent, subsidiary and affiliated companies, together with their respective officers, directors, members, agents, servants, employees, representatives, successors, assigns, licensees, transferees, and all those persons and entities acting in concert or participation with them, or at their direction, or within their control (collectively, the "Enjoined Entities"), SHALL BE PERMANENTLY ENJOINED AND RESTRAINED as follows:

1. Within thirty (30) days of April 18, 2017, the Enjoined Entities shall cease and desist from (a) any and all use of the trademark, service mark, trade name, business or entity name, and/or domain name "ROBOCOPP" or any variation thereof that includes the word part "Robo" or "Cop" or the phonetic equivalent thereof; (b) any and all use of any trademark, service mark, logo, trade name, business or entity name, domain name or trade dress that includes or is similar to any of the ROBOCOP Marks; (c) any and all participation or assistance in any such activity, whether occurring within the United States or outside the United States; and (d) directly or indirectly infringing or diluting in any manner any of the ROBOCOP Marks or unfairly competing with Orion, or otherwise injuring Orion's business or reputation in any matter, or participating in or assisting

in any such activity.  Notwithstanding the foregoing, for a period of ninety (90) days following April 18, 2017, Plaintiff shall be permitted to publicly display the "ROBOCOPP" mark in a notice of its name change, in a manner agreed upon in writing by the Parties.

2. The Enjoined Entities shall not register, attempt to register, or maintain any trademark registration or application for (a) the mark "ROBOCOPP" or any variation thereof that includes the word part "Robo" or "Cop" or the phonetic equivalent thereof; or (b) any trademark, service mark, logo, trade name, business or entity name, domain name or trade dress that includes or is similar to any of the ROBOCOP Marks; nor shall the Enjoined Entities participate in or assist in any such activity whether occurring within the United States or outside the United States.

B. Within ten (10) days of the entry of this Permanent Injunction Order, Plaintiff shall provide written notice of the Permanent Injunction Order (1) to each of its respective officers, directors, members, agents, employees, successors, assigns, and licensees; and (2) to all distributors, retailers, wholesalers, and other parties that it knows or has reason to believe are in possession of any item bearing marks the use of which by the Enjoined Entities is prohibited under paragraph A.1 hereinabove, including but not limited to the ROBOCOPP "Sound Grenade" product.  Plaintiff shall inform these individuals or entities that, in accordance with this Permanent Injunction Order, the products bearing marks the use of which by the Enjoined Entities is prohibited under paragraph A.1 are not to be advertised, promoted, marketed, displayed, licensed, sold, rented, or otherwise distributed, either within the United States or outside the United States.  Plaintiff shall provide a copy of the Permanent Injunction Order as part of such notice, which may be transmitted by email.

C. Plaintiff's request for a declaratory judgment, Defendant's counterclaims against Plaintiff, and all other claims, counterclaims and defenses in this action, are hereby dismissed with prejudice and without costs to either Party, except the Court shall retain continuing jurisdiction for purposes of enforcement of the Permanent Injunction Order and the settlement agreement between the Parties.

Dated:  April 18 , 2017

By: _____
Hon. Jon S. Tigar
United States District Judge